
# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BROADCAST MUSIC, INC.; CINDERFUL MUSIC; EMI BLACKWOOD MUSIC INC.; SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING; WELSH WITCH MUSIC; PEERMUSIC III LTD.; SONY/ATV SONGS LLC; THE BERNARD EDWARDS COMPANY LLC; HOUSE OF FUN MUSIC, INC.; SPIRIT ONE MUSIC, a division of SPIRIT MUSIC GROUP, INC.; GIBB BROTHERS MUSIC; CROMPTON SONGS; SCREEN GEMS-EMI MUSIC, INC.; BLUES TRAVELER PUBLISHING CORPORATION; SONGS OF UNIVERSAL, INC.; ESCATAWPA SONGS; AS YOU WISH MUSIC; TZITZIS WHAT WE DO MUSIC; BOCEPHUS MUSIC, INC.; R AND R NOMAD PUBLISHING COMPANY, a division of R & R NOMAD PUBLISHING CO LLC; 4U2ASKY ENTERTAINMENT INC.;<br><br>Plaintiffs,<br><br>v.<br><br>BMT, LLC d/b/a GAS LAMP GRILLE and BRIAN TORELLO, individually,<br><br>Defendants. | CIVIL ACTION NO.: |

## **COMPLAINT**

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of

1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 8.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Cinderful Music is a sole proprietorship owned by William Patrick Corgan. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff EMI Blackwood Music Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Tree Publishing. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Welsh Witch Music is a sole proprietorship owned by Stephanie Nicks. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Peermusic III Ltd. is a corporation. This Plaintiff is the copyright owner of at

least one of the songs in this matter.

10. Plaintiff Sony/ATV Songs LLC is a limited liability company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff The Bernard Edwards Company LLC is a limited liability company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff House Of Fun Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Spirit One Music is a corporation which is a division of Spirit Music Group, Inc. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Plaintiff Gibb Brothers Music is comprised of the Estate of Maurice Ernest Gibb and the Estate of Robin Gibb. This Plaintiff is the copyright owner of at least one of the songs in this matter.

15. Plaintiff Crompton Songs is a sole proprietorship owned by Barry Alan Gibb. This Plaintiff is the copyright owner of at least one of the songs in this matter.

16. Plaintiff Screen Gems-EMI Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

17. Plaintiff Blues Traveler Publishing Corporation is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

18. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

19. Plaintiff Escatawpa Songs is a partnership owned by Bradley Kirk Arnold, Robert Todd Harrell, Matthew Darrick Roberts and Christopher Lee Henderson. This Plaintiff is the copyright owner of at least one of the songs in this matter.

20. Plaintiff As You Wish Music is a sole proprietorship owned by Jeffrey H. Cohen. This Plaintiff is the copyright owner of at least one of the songs in this matter.

21. Plaintiff Tzitzis What We Do Music is a partnership owned by Jaren Lowenstein and Evan Lowenstein. This Plaintiff is the copyright owner of at least one of the songs in this matter.

22. Plaintiff Bocephus Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

23. Plaintiff R and R Nomad Publishing Company is a limited liability company and is a division of R & R Nomad Publishing Co. LLC.

24. Plaintiff 4U2asky Entertainment Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

25. Defendant BMT, LLC is a limited liability company organized and existing under the laws of the state of Rhode Island, which operates, maintains and controls an establishment doing business as the Gas Lamp Grille, located at 206 Thames Street, Newport, Rhode Island 02840, in this district (the "Establishment").

26. In connection with the operation of the Establishment, Defendant BMT, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

27. Defendant BMT, LLC has a direct financial interest in the Establishment.

28. Defendant Brian Torello is a member of Defendant BMT, LLC with primary responsibility for the operation and management of that limited liability company and the

Establishment.

29. Defendant Brian Torello has the right and ability to supervise the activities of Defendant BMT, LLC and a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

30. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 29 as if each were fully set forth herein.

31. Plaintiffs allege fourteen (14) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

32. Annexed to this Complaint as a schedule (the "Schedule") and incorporated by reference herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the fourteen (14) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the

musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the establishment where the infringement occurred.

33. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

34. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

35. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

36. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

37. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer

irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I)  Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: October 28, 2015

By: /s/ R. Kelly Sherdian
    R. Kelly Sheridan (#1976)
    James A. Musgrave (#6640)
    ROBERTS, CARROLL, FELDSTEIN & PEIRCE INCORPORATED
    10 Weybosset Street
    Providence, RI 02903
    Te401-521-7000
    jmusgrave@rcfp.com

Attorneys for Plaintiffs